UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JIMMY JOE WATTERS,

    Petitioner,

v.                                                           Case No. 5:10-cv-505-Oc-23TGW

WARDEN, FCC COLEMAN-LOW,

    Respondent.
_____/

**ORDER**

Watters applies (Doc. 1) for the writ of habeas corpus under 28 U.S.C. Section 2241. The warden moves to dismiss (Doc. 6) and asserts, among other things, that Watters has failed to exhaust his administrative remedy. Watters files no response.

Applicable law (1) requires that a federal inmate exhaust the administrative remedy before applying for the writ of habeas corpus under Section 2241 and (2) provides that the applicant's failure to exhaust is a complete impediment to the district court's exercise of jurisdiction under Section 2241. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992); Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001); United States v. Lucas, 898 F.2d at 1556). As explained in Irwin v. Hawk, 40 F.3d 347, 348 (11th Cir. 1994) (citations omitted), an inmate's exhaustion of the administrative remedy is necessary:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise it's discretion or apply its

- 2 -

> expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'

As shown by Doc. 6, Exs. 3-4, Watters has not exhausted (or even used) the administrative remedy.[*]

## Conclusion

The warden's motion to dismiss (Doc. 6) is **GRANTED**, and the petition for writ of habeas corpus is **DISMISSED** without prejudice. The Clerk shall enter a judgment dismissing the petition without prejudice, terminate any pending motion, and close the case.

ORDERED in Tampa, Florida, on May 26, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] The Administrative Remedy Program ("ARP") of the Bureau of Prisons appears at 28 C.F.R. §§ 542.10, et seq., and permits an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement . . . ."